Mr. Justice Thachek
delivered the opinion of the court.
The first question is, as to the admissibility of Coopwood’s deposition and his competency as a witness.
The objections to the admissibility of the deposition, were, that it was not taken before any proper officer, and that the interrogatories thereof were leading in their character. The objection to the manner in which the commission was issued, *722 was not availed of in the circuit court, and cannot now prevail here. Neeley et ux. v. The Planters' Bank, 4 S. & M. 113. The deposition is certified as having been taken by a justice of the peace of the state of Arkansas, whose official character is likewise certified to by the clerk of a county court of that state, with the seal of court. Our statute, Hutch. Code, 862, sec. 117, 118, requires depositions taken by the proper officers, to be certified by them “according to the laws, customs, and usages of the county, state or territory in which the deposition is taken.” In the absence of any proof of the law of Arkansas in this particular, the law of our state will be the criterion by which to estimate the legality of the certificate of the person acting as commissioner, and with us the certificate of the justice of peace is all that is requisite. The interrogatories were no more leading ■in their language than was absolutely required to direct the attention of the witness to the subject upon which his testimony was sought to be obtained.
The incompetency of Coopwood was insisted upon on the score that he was the nominal plaintiff, the one who had transferred the bill single in suit to Gordon the real plaintiff, and thereby had in good faith tacitly contracted, that he and subsequent holders could institute an action upon it in his name. Coopwood’s testimony was to the effect that Foster had borrowed the amount of the bill single from him, and given it to him as security therefor, but that he borrowed the money for the account of Gordon in a certain transaction, and that after-wards Gordon paid Coopwood the amount, recognizing the act and agency of Foster in his behalf; and in short, that he obtained the bill, not by purchase, but by its payment as a debt actually due from himself. Coopwood did not object to testify; it was for his interest to prove that the debt was due from Foster, if he were interested at all, and so according to our adjudications upon the technical points, he was competent. Duncan v. Watson Adm’r, 2 S. & M. 136 ; Smith v. Elder, 7 Ibid. 511.
But Gprdon introduced the transcript of record from the superior court of chancery, which shows, in connection with the testimony of Coopwood, and the agreed statement of Willie, that *723 Foster borrowed the amount of money from. Coopwood on behalf of Gordon, to carry out a transaction, which by that court was declared illegal and void. This record itself, however, only shows that Foster filed his bill to enforce an agreement made between himself and Gordon, whereby Gordon purchased Foster’s interest in the land company of Gorman, Winston & Company, and agreed therefor to pay Foster $1000 in hand, and make him titles in fee to three sections of land. It was this contract which the chancery court in effect declared void. There is nothing in this record to show that Gordon agreed to pay the sum of $1000 to a certain Indian, as testified to by Willie and Coopwood, in order to remove his claim upon one of the three sections. This was a separate contract,'and is not affected by the contract between Gordon and Foster. The contract upon the bill single was between Foster and Coopwood; and at all events, if Gordon has a right to recover from Foster the amount paid by him to Coopwood, it cannot be in an action upon this bill single.
There is no valid objection to the competency of Coopwood, or to the testimony of Willie, in this case; and their testimony warranted the finding of the jury, and no different result could, we think, be legally obtained by a new trial.
Judgment affirmed.